*J. P. Usher*, for the appellant.

---

## NICHOLAS *v.* HEATON.

ERROR to the *Clinton* Circuit Court.

PERKINS, J.—Suit upon a bond conditioned for the payment of 400 dollars.

Pleas were filed, but it is not material to state their contents, as the cause was submitted upon an agreement as follows:

"It was agreed that the Court should hear all the testimony in the case, and determine the equity between the parties; and if, in equity, there should be a liability on the bond, there should be a finding by the Court for that amount."

The evidence is upon the record.

It appears that *Heaton* and *Nicholas* traded lands, and that it was considered that *Heaton's* lands were worth 200 dollars more than those of *Nicholas*, and *Heaton* also gave *Nicholas* 200 dollars in notes, making the lands and notes exceed in value the lands of *Nicholas*, 400 dollars. But there was a mortgage to the surplus revenue fund of 400 dollars on the lands of *Heaton*, which *Nicholas* assumed to pay, thereby making the trade equal.

*Nicholas* gave the bond sued on as security for the payment by him of the 400 dollar mortgage in question, and he conveyed his lands to *Heaton*.

*Heaton* gave *Nicholas* a bond to convey his lands to him as soon as he, *Nicholas*, should pay the surplus revenue mortgage which was upon them. *Nicholas* did not pay said mortgage, and it was foreclosed and the land sold by the State. This suit is by *Heaton* against *Nicholas*, on the bond conditioned for the payment of the surplus revenue mortgage, which mortgage *Nicholas* failed to pay, but which was paid, not by *Heaton*, but in part by a sale of the lands which *Heaton* had traded to *Nicholas* in exchange for lands conveyed by the latter to him, and which lands, when so sold, were equitably the property of *Nicholas*.

The surplus revenue mortgage covered, in addition to those to be conveyed to *Nicholas*, other lands, worth, according to the evidence, about 150 dollars, which were also sold by the State on the foreclosure of said mortgage, for 20 dollars, and proceeds absorbed in paying interest and costs. This was a damage to *Heaton*, occasioned by the breach of the bond given by *Nicholas* conditioned for the payment of said mortgage, and for the reasonable value of those lands he should have had judgment.

It would seem that the judgment of the Court below was not equitably right upon the facts, as the parties agreed the Court should make it, it being for the entire amount of the bond and interest, over 600 dollars.

*Per Curiam.*—The judgment is reversed with costs.

J. F. *Suit*, R. C. *Gregory*, and R. *Jones*, for the plaintiff.